# UNITED STATES BANKRUPTCY COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **In re: Mary Marie Hargrove** ) | **CASE NO: 19-05561** |
| **DEBTOR,** ) | **CHAPTER: 13** |
| | |
| Mary Marie Hargrove, ) | |
| Plaintiff, ) | |
| vs. ) | ADV. PROC. NO.: _____ |
| E-Z Credit, ) | |
| Defendant, ) | |

## COMPLAINT DEMANDING TURNOVER OF ESTATE ASSETS PURSUANT TO 11 U.S.C. §542

The Plaintiff complaining of the Defendant will prove to this Honorable Court:

1. Plaintiff is a Debtor in the above-captioned Chapter 13 case. This Court has jurisdiction over this proceeding which arises in a case under the Bankruptcy Code and concerns property of the Debtor, pursuant to 28 U.S.C. 11334. This proceeding is a core proceeding.

1. Plaintiff filed for Chapter 13 Bankruptcy on October 23, 2019.

1. At the time of filing Plaintiff was paying for a title loan on a 2012 Hyundai Sonata to Defendant E-Z Credit.

1. At the time of filing Defendant E-Z Credit had repossessed Plaintiff's 2012 Hyundai Sonata but had not sold it.

1. Plaintiff proposed to pay for the 2012 Hyundai Sonata through her Chapter 13 plan.

1. Plaintiff's attorney contacted Defendant by telephone requesting return of the vehicle, Plaintiff also emailed Defendant on 2 occasions requesting return of the vehicle.

1. Defendant was copied on the Chapter 13 Plan with a request for return of the vehicle and Defendant is in the mailing matrix of the Court.

1. Plaintiff desperately needs her vehicle in that she is a home healthcare nurse who

must travel for her work to see patients and the vehicle is her only form of transportation.

1. Defendant has refused to turn over property of the estate as required by 11 U.S.C §542.

15. Pursuant to 11 U.S.C. §1306, the Debtor is entitled to possession of all property of the estate.

16. Plaintiff has suffered actual damages by way of Defendant's retention in the form of lost wages.

17. Plaintiff is entitled to an award of punitive damages due to Defendant's deliberate, intentional and flagrant disregard of 11 U.S.C. §542.

18. That Plaintiffs have had to retain an attorney to bring this action to enforce the automatic stay and cannot afford to pay him, wherefore Plaintiffs pray for an award of reasonable attorneys fees pursuant to Rule 7054(b)(2) and the costs of bringing this action pursuant to Rule 7054(b)(1).

19. Pursuant to Rule 7008(a) Plaintiff consents to a final order being issued by this Honorable Court.

Wherefore, Plaintiff prays that this Court:

- Order Defendant to turnover or the 2012 Hyundai Sonata which was has been reetained in violation of 11 U.S.C. §§ 362 & 542;

- Award Plaintiff damages, costs pursuant to Rule 7054(b) and reasonable attorneys fees for his pursuit of this claim against the Defendant herein pursuant to Rule 7008(b).

- Award Plaintiff punitive damages for Defendant's wilful, intentional and deliberate retention of her car title and complete lack of respect for the statutes, power and authority of the United States Bankruptcy Court for the District of South Carolina.

October 29, 2019        PAUL W. OWEN, JR., L.L.C.

/s/ Paul W. Owen, Jr.
Paul W. Owen, Jr.
Fed I. D. No.: 5753
296 Green Street
P. O. Box 369
Orangeburg, SC 29116-0369

(803)515-0176

ATTORNEY FOR PLAINTIFF